<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY B. GUENZEL, : <br> : <br> Plaintiff, : <br> : **Civil Action No. 10-4452 (SRC)** <br> v. : <br> : **OPINION** <br> MOUNT OLIVE BOARD OF : <br> EDUCATION, : <br> : <br> Defendant. : <br> : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the motion for summary judgment by Defendant Mount Olive Board of Education ("Defendant" or "Mt. Olive") [docket entry 18] pursuant to Federal Rule of Civil Procedure 56(a). Plaintiff Amy Guenzel ("Plaintiff") has opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendant's motion for summary judgment will be granted in part and denied in part.

I.  **BACKGROUND**

Plaintiff initiated this action after her resignation from her position as a part-time occupational therapist with the Mount Olive Board of Education. Plaintiff was employed with Defendant from 2002 until July of 2010, hired each year to work a maximum number of hours per week, ranging from ten hours during the 2002-2003 school year to 30 hours during the 2009-2010 school year. According to Plaintiff, Mt. Olive knew or should have known that she was

exceeding her allotted weekly hours and working overtime in order to fulfill her job requirements.  As a result of Defendant's nonpayment for her alleged overtime work, Plaintiff initiated this matter, asserting a Fair Labor Standards Act ("FLSA"), New Jersey State Wage and Hour Law ("NJWHL"), and unjust enrichment claim against Defendant.  Defendant now moves for summary judgment on all three claims.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003)

(quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

    **B.**    **Discussion**

        1.    <u>Plaintiff's Fair Labor Standards Act Claim (Count I)</u>

            a.    *Statute of Limitations*

In its motion for summary judgment, Defendant avers that the majority of Plaintiff's FLSA claim is time barred. Claims brought pursuant to the FLSA must be filed within two years of the date of accrual of an alleged violation, unless the violation is willful, which extends the limitations period to three years.[1] 29 U.S.C. § 255(a). It is well settled that "[a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 437 (D.N.J. 2001); *see* 29 C.F.R. § 790.21. Here, Plaintiff is seeking compensation for overtime earned during the eight years she was employed with Defendant, from 2002 to July of 2010. Because a separate cause of action for overtime compensation accrued at each payday after the alleged overtime was worked, at a minimum, Plaintiff's claims for overtime earned within the two years immediately prior to her filing the Complaint on July 29, 2010, are timely. *See Henchy*, 148 F. Supp. 2d at 437. Therefore, Plaintiff's claims for overtime accruing on or after July 29, 2008 may proceed.

    The Court must now address the question of whether Plaintiff's claims for overtime from 2002 to July 29, 2008 are barred by § 255. In her opposition brief, Plaintiff argues that Defendant's failure to pay overtime was a continuing violation and that the statute of limitations, therefore, began to run on the date of the last occurrence of nonpayment. However, Plaintiff has

---

[1] Plaintiff does not contend, nor does the record support, that Defendant wilfully violated the FLSA, rendering the two year limitation period applicable.

failed to provide any support for this proposition.[2]  To the contrary, caselaw clearly indicates that under the FLSA a cause of action accrues for overtime compensation at each regular payday immediately following the work week during which the services were rendered.  *Id.*; *Balzano v. Twp. of North Bergen*, 649 F. Supp. 807, 810 (D.N.J. 1986).  Thus, repeated failures to properly compensate employees for overtime are not treated as continuing violations but as repeated violations of an identical nature.  Because each FLSA violation gives rise to a new cause of action, each failure to pay overtime begins a new statute of limitations period as to that particular event.  Accordingly, Plaintiff's claims for overtime earned between 2002 and July 29, 2008 are time barred (the Court will hereinafter refer to Plaintiff's FLSA claims accruing on or after July 29, 2008 as her "timely" claims in order to distinguish them from the claims which had expired by the time this lawsuit was filed).  Therefore, Defendant's motion for summary judgment on statute of limitations grounds on Plaintiff's FLSA claims arising before July 29, 2008 will be granted.

          b.     *FLSA Claim*

Defendant moves for summary judgment on Plaintiff's timely FLSA claims, arguing that it had no knowledge that Plaintiff ever performed overtime work.  "Where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work,

---

[2] The continuing violation theory is an exception to the general rule of when the statute of limitation begins to run in a discrimination action.  *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 842 (1992).  While it is true that most courts appear to treat pay discrimination claims as continuing violations, this is a claim for overtime compensation and as previously explained, under the FLSA, a cause of action accrues following each payday after the alleged overtime was worked.  *Henchy*, 148 F. Supp. 2d at 438.

5

the employer's failure to pay for the overtime hours is not a violation of the FLSA." *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981); *see also* 29 U.S.C. § 203(g). However, an employer who knows or should have known that an employee is or was working overtime must comply with the provisions of the FLSA. *Id.* "An employer who is armed with this knowledge cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Id.*

Plaintiff has satisfied her burden at summary judgment by raising genuine issue of material fact concerning whether Defendant knew or should have known about her alleged uncompensated hours. In her opposition brief, Plaintiff contends that she was required by law to carry out Individualized Education Plans and complete Section 504 forms and that since her schedules throughout the years indicated that all of her time was spent on student treatment, Mt. Olive clearly knew or should have known that she was working overtime to complete the requisite paperwork. Plaintiff also stated in her certification that she made both co-workers and her supervisor, Elizabeth Peterson, aware that she was working overtime to complete work that was necessary and integral to her job. (Pl.'s Cert. at ¶ 8, Oct. 4, 2011.) While Defendant avers in its reply brief that Ms. Peterson's knowledge of Plaintiff's overtime work was inconsequential since Michael Iannucci, Director of Special Services, was Plaintiff's actual supervisor, the record indicates that Mr. Iannucci was aware as early as December 8, 2009 that Plaintiff was not getting paid for her alleged overtime. (McCarthy Cert., Ex. 2, 96:12-97:10.) Therefore, a genuine issue of material fact has been raised as to whether Defendant knew or should have known that Plaintiff had been uncompensated for overtime work she performed.

Defendant further argues that it is entitled to summary judgment on Plaintiff's timely FLSA claims since it is Plaintiff's burden under the FLSA of proving that she was not properly compensated and she has not provided any evidence, by way of written records or logs, of overtime work completed throughout her eight year tenure.[3]  *See Anderson v. Mt. Clemens*, 328 U.S. 680, 687 (1946).  However, the FLSA also requires every employer to keep records of the "wages, hours, and other conditions and practices" of its employees.  29 U.S.C. § 211(c).  Regulations advanced pursuant to Section 11(c) of the FLSA require employers to keep, *inter alia,* payroll records of the following: 1) hours worked per day; 2) total hours worked per week; 3) total daily or weekly straight-time earnings; and 4) total premium pay for overtime hours.  *See* 29 C.F.R. 516.2; *see also Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 127 (3d Cir. 1984).  These payroll records must be preserved for three years.  29 C.F.R. 516.5.  An employer's

---

[3] Defendant also contends that Plaintiff's timely FLSA claims are precluded by the Portal-to-Portal Act ("PPA") since the alleged overtime work she completed was preliminary or postliminary to her position as an occupational therapist.  *See* 29 U.S.C.A. § 254 ("[n]o employer shall be subject to any liability or punishment under the [FLSA] . . . on account of the failure of such employer . . . to pay an employee overtime compensation . . . [for] activities which are preliminary to or postliminary to said principal activity or activities . . . .")  However, in *Steiner*, the Supreme Court concluded that in enacting the PPA Congress still intended that an employee's activities fall "within the protection of the [Fair Labor Standards] Act if they are an integral part of and are essential to the principal activities of the employees." *Steiner v. Mitchell*, 350 U.S. 247, 254 (1956).  Subsequently, the Supreme Court held in *Alvarez*, "that any activity that is 'integral and indispensable' to a 'principal activity' *is itself* a 'principal activity' under [§ 254] of the [PPA]," and is thus compensable under the FLSA.  *IBP, Inc. v. Alvarez*, 546 U.S. 21, 37 (2005) (emphasis added); *see also Mitchell v. King Packing Co.*, 350 U.S. 260 (1956) (applying *Steiner* to hold that workers in a meat packing plant were entitled to compensation for the time spent sharpening their knives, because the knife-sharpening activities were an integral part of, and indispensable to, the principal activities for which the workers were employed).  The uncompensated activities that Plaintiff contends she performed - producing learning plans, providing written reports and evaluations, working on sensory diets, etc. - are undisputedly integral and indispensable to the performance of Plaintiff's occupational therapy duties and are therefore compensable under the PPA.

failure to comply with these record-keeping provisions has important ramifications for an employee's burden of proof in an FLSA action.

The Third Circuit has consistently followed Supreme Court precedent in recognizing that "[A]n employee should not be penalized and an employer benefitted by the employer's failure to comply with its duty under [29 U.S.C. § 211(c)] to maintain accurate records." *Tri-County Growers*, 747 F.2d at 128; *see Martin v. Selker Bros.*, 949 F.2d 1286, 1297 (3d Cir. 1991) ("The burden of any consequent imprecision from the absence of an employer's records must be borne by that employer"). Thus, while no *per se* liability arises from an employer's failure to maintain its section 11(c) payroll records, the Supreme Court has stated that such a failure necessitates applying a burden shifting analysis to militate against making an employee's burden of proof an impossible one. *Mt. Clemens*, 328 U.S. 680 at 687. When an employer cannot come forward with payroll records that are adequate to satisfy section 11(c), an employee satisfies the burden of proof if he or she produces enough evidence to permit a court to make a "fair and reasonable" inference that the employee performed work for which he or she received improper compensation. *Id.*; *Tri-County Growers*, 747 F.2d at 128 ("The employee need only introduce enough evidence to support a reasonable inference of hours worked."). Once satisfied, the burden shifts to the employer, who must provide evidence that sets forth the "precise amount of work performed" or that otherwise "negatives the reasonableness of the inference to be drawn from the employee's evidence." *Mt. Clemens*, 328, U.S. at 687. If the employer cannot satisfy its burden, a court may then award an employee damages, even though "the result may only be approximate." *Martin*, 949 F.2d at 1297 (quoting *Mt. Clemens*, 328 U.S. at 687).

With this well-established analytical framework as a backdrop, it is clear here that Mt.

Olive seeks to impose a burden upon the Plaintiff-employee that runs contrary to well established FLSA caselaw.  Undergirding Mt. Olive's arguments in support of summary judgment is the same basic assertion: A complainant cannot carry an FLSA overtime claim to trial solely by asserting that overtime hours were worked and premiums were not paid for some of those hours.  However, the Supreme Court recognized over six decades ago that the records Mt. Olive contends are indispensable to Plaintiff's ability to prevail are rarely kept by employees themselves; and, in the rare case they are kept, such records are frequently unreliable.  *Mt. Clemens*, 328 U.S. at 687.  Here, Mt. Olive "is in [a] position to know and to produce the most probative facts concerning the nature and amount of work performed [by its employees]." *Id.*  As such, the Third Circuit has held that to defeat a defendant-employer's motion for summary judgment, the plaintiff-employee in an FLSA overtime case merely needs to come forward with enough evidence from which it could be reasonably inferred that hours were worked for which an overtime premium was not compensated.  *See Tri-County Growers*, 747 F.2d at 128.

      This Court finds that Plaintiff has proffered sufficient evidence to withstand the instant motion for summary judgment.  A plaintiff's sworn testimony in and of itself is sufficient to meet the "just and reasonable inference" standard. *See id.*; *see also Marshall v. Van Matre*, 634 F.2d 1115, 1119 (8th Cir. 1980).  Here, Plaintiff has provided a sworn affidavit which attests to years of unpaid overtime.  In its moving brief, Mt. Olive admonishes Plaintiff for not specifically indicating the dates and times she was not compensated for her overtime work.  While it is true that Plaintiff's sworn affidavit uses terms like "generally" and "typically" in describing her lack of overtime compensation, "precision" is the cross the employer must bear when it does not comport with its section 11(c) record-keeping duty.  *See Mt. Clemens*, 328 U.S. at 687.  "Unless

9

the employer can provide accurate estimates, it is the duty of the trier of facts to draw whatever inferences can be drawn from the employee's evidence[.]" *Id.* at 693. Thus, Plaintiff can meet her initial burden of proof to defeat Defendant's summary judgment motion by relying on her testimony. *See Reich v. Gateway Press, Inc.*, 13 F.3d 685, 702 (3d Cir. 1994). Plaintiff has affirmed that she made her co-workers, supervisor, and the Director of Special Services aware that she was working overtime to complete all of her job requirements. Furthermore, Plaintiff testified that the daily schedule created by Mt. Olive only allotted time for student treatment and that it therefore would have been impossible for her to perform all her duties - including completing the learning plans, dealing with parenting concerns, working on sensory diets, providing Medicaid paperwork for the school district, and providing evaluations for each student - within the allotted weekly schedule. As a matter of "just and reasonable" inference, this certification is sufficient to exceed the "mere scintilla threshold" and create a genuine dispute of material fact.

"[T]he major principle of *Mt. Clemens* [is] that, once [the plaintiff's] prima facie case is made, the burden shifts to the employer to dispute it with precise evidence of hours worked." *See Martin*, 949 F.2d at 1298. With the Plaintiff having satisfied the first prong of *Mt. Clemens*, it is Defendant's burden to "negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 1297. Mt. Olive has not come forward with the accurate and detailed records needed to defeat the inference, which a reasonable trier of fact may draw from Plaintiff's evidence. *See id.* As such, Defendant's motion for summary judgment on Plaintiff's FLSA claims accruing on or after July 29, 2008 will be denied.

2. <u>Plaintiff's New Jersey Wage and Hour Law Claim (Count I)</u>

Defendant also moves for summary judgment on Plaintiff's cause of action for unpaid overtime compensation under the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, *et seq*.[4] While Defendant argues that Plaintiff's NJWHL claim is preempted by her timely FLSA claims, "the existence of a federal cause of action does not . . . foreclose the possibility of concurrent and complementary state law." *English v. Gen. Elec. Co.*, 496 U.S. 72 (1990); *see, e.g., Sandom v. Travelers Mortg. Serv., Inc.*, 752 F. Supp. 1240, 1245 (D.N.J. 1990) (denying Defendant's motion to dismiss Count X, as Plaintiffs' FLSA retaliation claim does not preempt a CEPA claim where CEPA would provide greater relief for Plaintiffs if they prevailed than would the FLSA); *Shakib v. Back Bay Rest. Grp.*, No. 10-4565, 2011 U.S. Dist. LEXIS 112614 at *13 (D.N.J. Sept. 30, 2011) (holding that Plaintiff stated a prima facie cause of action under the FLSA **and** NJWHL against Defendants by sufficiently showing that Defendants may be considered employers, and by alleging that both defendants played a role in denying him wages as guaranteed by the FLSA and NJWHL) (emphasis added). Furthermore, because the NJWHL overtime compensation and record-keeping requirements are modeled after and nearly identical to their analogous Fair Labor Standards Act regulations, judicial interpretations construing the FLSA are applicable. *See Marx v. Friendly Ice Cream Corp.*, 882 A.2d 374, 383-385 (N.J. Super. App. Div. 2005) (construing similar "executive employee" provisions); *see, e.g.*, N.J.S.A. § 34:11-56a20 ("Every employer of employees subject to this act shall keep a true and accurate record of the hours worked and the wages paid by him to each[.]"). As such, this Court's

---

[4] Although the NJWHL likewise has a two year statute of limitations period, the Court has not considered whether any portion of Plaintiff's NJWHL claim is time barred because Defendant did not raise the argument in its motion for summary judgment.

analysis under the *Mt. Clemens* burden shifting framework set forth in section II.B.1.b of this Opinion is germane to Plaintiff's allegations of state law overtime compensation violations. Thus, Defendant's motion for summary judgment on Plaintiff's NJWHL cause of action is denied for the same reasons this Court denies Defendant's motion for summary judgment on Plaintiff's timely FLSA claims.

### 3. Plaintiff's Unjust Enrichment Claim (Count II)

Defendant also moves for summary judgment on Plaintiff's unjust enrichment claim, arguing that it is preempted by her timely FLSA claims. While the Third Circuit has not directly addressed the question of whether the FLSA preempts state common law causes of action, courts have held that claims brought under state common law and "directly covered" by the FLSA, including overtime claims, must be brought under the FLSA. *See Kronick v. Bebe Stores, Inc.*, No. 07-4514, 2008 U.S. Dist. LEXIS 74967 at *10-11 (D.N.J. Sept. 29, 2008); *Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 U.S. Dist. LEXIS 511 at *4 (D.N.J. Jan. 5, 2006). In assessing whether state common law claims are "directly covered" by the FLSA, courts look to the basis of the claims, in particular whether the "common law claims are based on the same facts and circumstances as [the] FLSA claims." *Kronick*, 2008 U.S. Dist. LEXIS 74967 at *11. Here, the factual allegation in support of Plaintiff's unjust enrichment claim is premised entirely upon her timely FLSA claims; that Defendant was unjustly enriched because it did not compensate Plaintiff for the overtime work she performed. Because Plaintiff fails to distinguish the underlying factual predicate of her timely FLSA claims with that of her unjust enrichment claim, summary judgment on this claim will be granted in Defendant's favor.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment will be granted in part and denied in part. An appropriate form of order will be filed together with this Opinion.

                                               s/Stanley R. Chesler
                                               STANLEY R. CHESLER
                                               United States District Judge

DATED: November 16, 2011