<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY B. GUENZEL, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MOUNT OLIVE BOARD OF : <br> EDUCATION, : <br> : <br> Defendant. : <br> : | Civil Action No. 10-4452 (SRC) <br><br> OPINION |

<u>CHESLER</u>, District Judge

      This matter comes before the Court on the motion for reconsideration by Defendant Mount Olive Board of Education ("Defendant" or "Mt. Olive") [docket entry 37]. Plaintiff Amy Guenzel ("Plaintiff") has opposed the motion [docket entry 41]. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendant's motion for reconsideration will be granted.

**I.     BACKGROUND**

      As set forth in the Court's Opinion of November 16, 2011, Plaintiff initiated this action after her resignation from her position as a part-time occupational therapist with Mount Olive. She filed a Complaint asserting that Defendant failed to pay her for alleged overtime work, raising Fair Labor Standards Act ("FLSA"), New Jersey State Wage and Hour Law ("NJWHL"), and unjust enrichment claims. On September 9, 2011, Defendant moved for summary judgment on all three counts, which the Court denied in part and granted in part. Specifically, the Court

granted Defendant's motion for summary judgment as to Plaintiff's FLSA claims arising prior to July 29, 2008, as such claims are barred by the applicable two-year statute of limitations. *See Guenzel v. Mt. Olive Bd. of Educ.*, 2011 U.S. Dist. LEXIS 132101, at *6-7 (D.N.J. Nov. 16, 2011). However, the Court denied Defendant's motion for summary judgment as to Plaintiff's FLSA claims arising after June 29, 2008, holding that Plaintiff raised a genuine issue of material fact as to whether Defendant knew or should have know about her alleged uncompensated work hours. *Id.*, at *8-10. The Court denied Defendant's motion as to Plaintiff's NJWHL claims on the same basis. *Id.*, at *18-19. Finally, the Court granted Defendant's motion for summary judgment as to Plaintiff's unjust enrichment claim. *Id.*, at *20.

On November 30, 2011, Defendant filed the within motion for reconsideration of the Court's denial of summary judgment as to Plaintiff's NJWHL claims.

II.     LEGAL ANALYSIS

Under District of New Jersey Local Civil Rule 7.1(i), a party may file a motion for reconsideration "within 14 days after the entry of the order or judgment on the original motion" by the court. L.Civ.R. 7.1(i). The party seeking reconsideration must indicate to the court what dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. *Id.*; *Bryan v. Shah*, 351 F. Supp. 2d 295, 297 n.2 (D.N.J. 2005) (citing *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Banda v. Burlington County*, 263 F. App'x 182, 183 (3d Cir. 2008) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A

party's "mere disagreement" with the Court's decision does not warrant reconsideration. *Yurecko v. Port Auth. Trans. Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J.1989)).

Here, Defendant seeks reconsideration of the Court's denial of the motion for summary judgment on statute of limitations grounds as to Plaintiff's NJWHL claims arising prior to July 29, 2008, contending that the Court overlooked this argument. In its prior decision, the Court stated in a footnote:

> Although the NJWHL likewise has a two-year statute of limitations period, the Court has not considered whether any portion of Plaintiff's NJWHL claim is time-barred because Defendant did not raise the argument in its motion for summary judgment.

*Guenzel*, 2011 U.S. Dist. LEXIS 132101 at *18-19. This footnote was in error. Defendant argued, on page twelve of its brief in support of the motion for summary judgment [docket entry 18], that Plaintiff's NJWHL claims arising prior to July 29, 2008 were barred by the two-year limitations period set forth in N.J.S.A. 34:11-56(a)25.1. Because Defendant's legal argument regarding the statute of limitations applicable to Plaintiff's NJWHL claims was overlooked, reconsideration is warranted.

As set forth in the Court's prior decision, Plaintiff brings claims under the NJWHL for overtime earned from 2002 to July of 2010. However, Plaintiff's NJWHL claims are subject to a two-year statute of limitations. *See* N.J.S.A. § 34:11-56(a)25.1. Plaintiff argues that this limitations provision should not, however, bar the claims arising prior to July 29, 2008, because "claims for overtime should be preserved up through termination of employment and for the

length of the employment period." (Pl.'s Br., ¶ 4.)  Plaintiff raised this "continuing violation" argument in her opposition to Defendant's motion for summary judgment on Plaintiff's FLSA claims.  In the context of Plaintiff's FLSA claims for failure to pay overtime, the Court rejected the continuing violation theory, holding that

> [u]nder the FLSA a cause of action accrues for overtime compensation at each regular payday immediately following the work week during which the services were rendered. [*Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 437 (D.N.J. 2001)]; *Balzano v. Twp. of North Bergen*, 649 F. Supp. 807, 810 (D.N.J. 1986).  Thus, repeated failures to properly compensate employees for overtime are not treated as continuing violations but as repeated violations of an identical nature.  Because each FLSA violation gives rise to a new cause of action, each failure to pay overtime begins a new statute of limitations period as to that particular event.  Accordingly, Plaintiff's claims for overtime earned between 2002 and July 29, 2008 are time barred . . .

*Guenzel*, 2011 U.S. Dist. LEXIS 132101, at *6-7.  The Court sees no reason to distinguish between the accrual of claims for overtime pay under the FLSA from the accrual of analogous claims under the NJWHL.  Rather, the relevant provisions of the NJWHL were modeled after the FLSA.  *See Marx v. Friendly Ice Cream Corp.*, 882 A.2d 374, 378 (N.J. Super. Ct. App. Div. 2005).  Thus, each failure to pay overtime begins a new statute of limitations period as to that particular event for NJWHL purposes.  *See, e.g., Mitchell v. C&S Wholesale Grocers, Inc.*, 2010 U.S. Dist. LEXIS 68269, at *6-7 (D.N.J. July 8, 2010).  Accordingly, Plaintiff's NJWHL claims arising prior to July 29, 2008 (two years prior to the date on which she filed her Complaint) are time-barred by N.J.S.A. 34:11-56(a)25.1, and will be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration will be granted, and its motion for summary judgment as to Plaintiff's NJWHL claims arising prior to July 29, 2008 will be granted.  An appropriate form of order will be filed together with this Opinion.


                                                     s/Stanley R. Chesler
                                                   STANLEY R. CHESLER
                                                   United States District Judge

DATED: February 16, 2012